# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1099V

| | | |
|---|---|---|
| STEPHEN PEKA, | * | Chief Special Master Corcoran |
| Petitioner, | * | Dated: March 25, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*David John Carney,* Green & Schafle LLC, Philadelphia, PA, for Petitioners.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 28, 2020, Stephen Peka filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner alleged that the influenza vaccine administered to him on October 9, 2018, caused him to develop a shoulder injury related to vaccine administration. The matter went to trial on June 21, 2023, followed by some post-hearing filings. I decided the matter in Petitioner's favor, followed by a decision awarding damages.

Petitioner has now filed a final motion for an award of attorney's fees and costs. Motion, dated Feb. 16, 2025 (ECF No. 86) ("Final Mot."). This is the second fees request in this case. Petitioner first requested an interim award of attorney's fees and costs in August 2023, and was granted $141,926.17 – although a decision on costs (in particular, those associated with

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner's expert) was deferred until additional substantiating documentation was provided. Decision—Interim Attorney's Fees and Costs, dated Sep. 5, 2023 (ECF No. 58). Thereafter, Petitioner filed a Motion for Reconsideration, identifying from the record existing evidence bearing on the aspects of the requested costs in dispute, and on September 13, 2023, I issued an order granting the motion and withdrawing my previously-issued fees decision. *See* Order, dated Sep. 13, 2023 (ECF No. 61). In December 2023, I granted Petitioner's interim fees request, in part, and awarded $141,926.17 in fees, plus $27,876.26 in costs. Decision—Interim Attorney's Fees and Costs, dated Dec. 20, 2023 (ECF No. 65).

In his final fees motion, Petitioner requests an additional $49,854.24 ($49,322.75 in attorney's fees and $531.49 in costs) for the work of his attorneys, David Carney and Evan Baker, and a law clerk and paralegal at Green & Schafle LLC. Final Mot. at 2-3. Respondent did not react to the fees request.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$49,854.24**.

I.  **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2023 | 2024 | 2025 |
|---|---|---|---|
| **David Carney (Attorney)** | $425.00 | $450.00 | $475.00 |
| **Evan Baker (Attorney)** | $200.00 | — | — |
| **Law Clerk at Green & Schafle LLC** | — | $157.50 | $157.50 |
| **Paralegal at Green & Schafle LLC** | — | $175.00 | $175.00 |

Final Mot. at 2-3, 14-25.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520 at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The hourly rates requested through 2023 are consistent with what has previously been awarded (including in this case), in accordance with the Office of Special Masters' fee schedule.[3] *Peka v. Sec'y of Health & Hum. Servs.*, No. 20-1099V, 2023 WL 9288151, at *3 (Fed. Cl. Spec. Mstr. Dec. 20, 2023). In addition, the requested rates for 2024 and 2025 (which were not considered at the time of the interim fee requests) are consistent with the OSM fee schedule and are commensurate with the relevant attorneys' experience. I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Mar. 25, 2025).

Petitioner seeks $531.49 in medical record retrieval costs. Final Mot. at 3, 27-34. The requested costs are the sort commonly incurred in the Vaccine Program, and are reasonably awarded herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Award of Attorney's Fees and Costs, awarding a total amount of **$49,854.24**, reflecting $49,322.75 in attorney's fees and $531.49 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.